FILED
SUPERIOR COURT
OF GUAM

2025 FEB 11 AM 10: 30

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DIANN A. NAPUTI, as Guardian for HILDEGARD MARGARET ASUNCION, and HILDEGARD MARGARET ASUNCION,<br><br>**Plaintiff,**<br><br>vs.<br><br>VERN STANLY ASUNCION, JR.,<br><br>**Defendants.** | CIVIL CASE NO. CV0652-21<br><br><br>DECISION AND ORDER (EX PARTE MOTION FOR RETURN OF TRUST PROPERTY, RESTRAINING ORDER, AND ORDER TO SHOW CAUSE) |

This matter came before the Honorable John C. Terlaje on February 6, 2025, for a Motion Hearing on Plaintiffs' Ex Parte Motion for an Order of Return of Trust Property, Restraining Order to Show Cause and Preliminary Injunction. Present were Attorney Daniel Berman on behalf of Plaintiff and Attorney Mark Williams (appearing by Zoom) on behalf of Defendant. After reviewing the record, relevant law, and arguments from the parties, the Court finds that Plaintiff has not shown sufficient likelihood of success on the merits to warrant granting the return of the property. However, the Court agrees that a Temporary Restraining Order restraining the Defendant from disposing, encumbering, hiding, selling or diminishing the property is appropriate given the circumstances and grants the same, and also orders a preliminary injunction with the same conditions should not be granted. The Motion is therefore **DENIED IN PART AND GRANTED IN PART**.

## BACKGROUND

This matter stems from a Verified Complaint filed on August 27, 2021, for civil wrongs involving Hildegard Asuncion's estate, realized during a time-period between 2017 and 2020. Verified Compl. (Aug. 25, 2021). The issue at hand specifically stems from an ownership dispute regarding the Real Property (hereinafter "the property") described as:

> Lot No. 37, Block No. 3, Unit No. PA, Suburban, Tract No. 100, Dededo, Guam, as said lot is described in that Subdivision of Tract 100 Unit 2-A Kaiser Hawaii Kai Development Co., Drawing No. TM70-40B, as L.M. Check No. 066 FY 71, dated September 9, 1970, and recorded on October 13, 1970, under Instrument No. 97398. Last Certificate of Title No. 26305, containing an area of 6051 + square feet.

On November 7, 2024, Plaintiffs, consisting of Diann Naputi as Guardian for Hildegard Margaret Asuncion and Hildegard Margaret Asuncion, filed Plaintiffs' *Ex Parte* Motion for an Order of Return of Trust Property, Restraining Order to Show Cause and Preliminary Injunction. Plaintiffs allege that Defendant, Vern Stanly Asuncion, Jr., wrongfully took the property from Plaintiff Hildegard through fraud and undue influence over her and has breached fiduciary duties to Plaintiff. Defendant filed his Opposition to Plaintiffs' Motion and Alternative Motion to Expand Time on November 12, 2024. Defendant claims that the property was gifted to the Defendant's father long before Defendant had any legal fiduciary relationship with Hildegard. Defendant has referred to several existing deeds, but has failed to produce original copies of the deeds referenced in his Opposition. Plaintiffs' filed their Reply Memorandum in Support of Motion for Restraining Order and Return of Property on December 31, 2024, and a Motion hearing was held on the issue on February 6, 2025. At this hearing, Diann Naputi testified that her mother began receiving treatment for her Alzheimer's Disease as early as 2011.

## DISCUSSION

Plaintiffs have requested a temporary restraining order and an order to show cause as to why a preliminary injunction should not issue enjoining and restraining Defendant from holding, using, occupying, disposing, encumbering, hiding, selling, or diminishing the property in question, as well as an immediate return of the property. These issues will be addressed in turn.

### A. The Court Grants a Limited Temporary Restraining Order

"An injunction is an order requiring a person to refrain from a particular act it may be granted by the court in which the action is brought...and enforced as an order of the court." 7 G.C.A. § 20301. Guam courts have recognized two elements which must be shown by the moving party to obtain an injunction: 1) that there is a risk of irreparable injury without the injunction and 2) that the non-moving party is likely to succeed on the merits. *San Miguel v. Dep't of Pub. Works*, 2008 Guam 3 ¶ 19; *see also Government of Guam v. Gutierrez*, 2015 Guam 8 ¶ 35; *Mack v. Davis*, 2013 Guam 13 ¶ 12. The moving party must prove the same elements in order to obtain a temporary restraining order, which typically remains active until a decision is made regarding an injunction. *Hong Kong & Shanghai Banking Corp. v. Kallingal*, 2005 Guam 13 ¶ 26.

The Court agrees that disposing, encumbering, hiding, selling, or diminishing should all be prohibited for the remainder of the time this case is pending due to the risk of irreparable injury to the Plaintiff. Were Defendant to dispose of, diminish, encumber, etc. the property and it was ultimately determined to belong to Plaintiff, Plaintiff would suffer an irreparable injury. Furthermore, at the current stage in this proceeding, Defendant has failed to produce certain documentation showing proof of his ownership in the property. The lack of original copies of deeds Defendant claims exist, as well as the evidence surrounding the mental state of the Plaintiff at the time the 2017 trust was granted point to possible invalidity of Defendant's claim to own the

property. Therefore, because at the current stage it is likely that Plaintiff could succeed on the merits and the lack of a TRO could result in substantial injury to the Plaintiff, the Court **grants** a Temporary Restraining Order preventing Defendant from disposing, encumbering, hiding, selling, or diminishing the property in question.

However, this Court finds that there is no risk of irreparable injury to the property if Defendant is only holding, using, and occupying the property. Further, Defendant's use and occupation of the property get to the ultimate issue in this case regarding ownership of the property. Therefore, the Court will not issue a TRO concerning these actions.

### B. The Court Orders Defendant to Show Cause Why a Preliminary Injunction Should Not Issue

The Court has the authority to issue a preliminary injunction to preserve the status quo until a hearing on the merits. *See Sule v. Guam Bd. Of Exam'rs for Dentistry*, 2011 Guam 5. A preliminary injunction serves to prevent the parties from harming one another during the litigation, and attempts to keep the parties in the respective positions they occupied when the suit began. *Tumon Partners, LLC v. Shin*, 2008 Guam 15 ¶ 22. The purpose of a preliminary injunction is to prevent injury, preserving the court's ability to render a meaningful decision on the merits. *Id.* Under the same analysis as given above for the TRO, the Court finds that, given the current circumstances of evidence in this case, it is likely that Plaintiff could succeed on the merits and the lack of an induction could result in substantial injury to the Plaintiff. The Court therefore **grants** a preliminary injunction preventing the Defendant from disposing, encumbering, hiding, selling, or diminishing the property. This injunction will have no impact on the Defendant's ability to occupy, use, or hold the property, as the issue of property ownership has yet to be decided.

## C. The Court Denies the Motion to Return Trust Property

In their Motion, Plaintiffs stated that "to prevent continued unlawful possession of HILDEGARD's property and to ensure nothing is done to waste or dissipate HILDEGARD's property, the Court should order the Defendant VERN to immediately deliver possession of the property to the Plaintiffs and order the Defendant VERN to transfer all right, title, and interest in HILDEGARD's property to Plaintiffs." The Court however, believes that this Motion is the improper forum to determine the ultimate issue in the case: ownership of the property. To order Defendant to return the property to Plaintiff Hildegard would be to conclusively decide that it is Plaintiff Hildegard who ultimately owns the property in question. Furthermore, the Court agrees with Defendant that it is unclear if Plaintiffs' Motion actually seeks ex parte relief, or simply seeks to have the Court resolve the entire matter now, without giving the Defendant a chance to respond. Plaintiffs do not provide sufficient reasoning to show why or how this Court should grant the property to Plaintiff without giving Defendant the proper notice and opportunity to gather evidence and present his case.

Furthermore, there is substantial evidence which both parties claim exists that has not yet been produced, which is likely to be determinative on this issue. The facts remain in dispute, and the Court strongly prefers to allow the matter of ownership of the property to be addressed in the normal course of litigation. Plaintiff has not shown any justification for asking the Court to make this determination now. Under the current scheduling order, this case is set to go to trial on April 28, 2025, at which time this issue can be resolved. Therefore, the Motion for Return of Trust Property is **denied.**

## CONCLUSION

Given the above, the Court hereby **GRANTS** Plaintiffs' Motion for a Temporary Restraining Order on the limited actions of disposing, encumbering, hiding, selling or diminishing the property, **GRANTS** a Preliminary Injunction barring Defendant from disposing, encumbering, hiding, selling or diminishing the property, and **DENIES** Plaintiffs' Motion for a Return of Trust Property.

**SO ORDERED**, this _____2/7/25_____ ,

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**